Slip Op. 07-102

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CORUS STAAL BV,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>          Defendant,<br><br>   and<br><br>NUCOR CORPORATION and UNITED<br>STATES STEEL CORPORATION,<br><br>          Defendants-Intervenor. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 07-00134 |

[Plaintiff's motion for rehearing and for summary judgment is DENIED.]

July 2, 2007

Steptoe & Johnson, LLP (Alice A. Kipel, Richard O. Cunningham, Joel D. Kaufman, and Jamie B. Beaber) for Plaintiff.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Claudia Burke); Sapna Sharma, of counsel, International Trade Administration, U.S. Department of Commerce, for Defendant.

Wiley Rein, LLP (Timothy C. Brightbill, Alan H. Price, and Maureen E. Thorson) for Defendant-Intervenor Nucor Corporation.

Skadden Arps Slate Meagher & Flom, LLP (John J. Mangan, Jeffrey D. Gerrish, Robert E. Lighthizer, and Jared R. Wessel) for Defendant-Intervenor United States Steel Corporation.

MEMORANDUM ORDER

**Carman, Judge:** This action comes before this Court on motion for rehearing and for summary judgment filed by Plaintiff, Corus Staal BV ("Corus").  Corus requests that this Court reconsider its judgment in <u>Corus Staal BV v. United States</u>, 31 CIT __, Slip Op. 07-90 (June 5, 2007), dismissing the instant action for lack of jurisdiction.  (Corus Staal BV's Mot. for Reh'g and for Summ. J. ("Mot. for Reh'g").)  For the reasons discussed below, this Court denies Corus's motion for rehearing and for summary judgment.

Rule 59 of the rules of the United States Court of International Trade governs motions for rehearing, also called motions for reconsideration.  <u>See</u> USCIT R. 59.  "The disposition of a motion for rehearing lies within 'the sound discretion of the court.'"  <u>Demos v. United States</u>, 31 CIT __, Slip Op. 07-97 at 1 (June 25, 2007) (<u>quoting</u> <u>United States v. Gold Mountain Coffee, Ltd.</u>, 8 CIT 336, 336, 601 F. Supp. 212 (1984)).  "[T]he purpose of the petition for rehearing [] under the Rules . . . is to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result."  <u>Ugine & ALZ Belgium, N.V. v. United States</u>, 29 CIT __, Slip Op. 05-113 at 7-8 (August 29, 2005) (<u>quoting</u> <u>NLRB v. Brown & Root, Inc.</u>, 206 F.2d 73, 74 (8th Cir. 1953) (first bracket added, second bracket in quoted case).  Conversely, a motion for reconsideration based solely on the moving party's dissatisfaction with the trial court's decision will be rejected.  <u>See</u>, <u>e.g.</u>, <u>Am. Nat'l Fire Ins. Co. v. United States</u>, 30 CIT __, Slip Op. 06-136 at 2 (Sept. 7, 2006, errata Oct. 17, 2006).

This Court presumes familiarity with the underlying decision giving rise to Corus's Motion for Rehearing, <u>Corus Staal BV</u>, Slip Op. 07-90.  By way of a reminder, the substantive

issue in <u>Corus Staal</u> was whether Corus was entitled to a refund of antidumping duty deposits

made on merchandise entered by Corus between November 1, 2005, through October 31, 2006.

Corus argued that because the antidumping duty order covering the merchandise was revoked by

Commerce,[1] it was entitled to the antidumping duty deposits; Defendant United States (the

"Government") argued that because the revocation was prospective in nature, Corus was not

entitled to a refund on its previously entered merchandise.  As stated previously, this Court

dismissed Corus's action for lack of jurisdiction.[2]  <u>See</u> <u>Corus Staal</u>, Slip Op. 07-90 at 21.

In the motion for rehearing, Corus contends that the Government incorrectly argued to

this Court that 19 U.S.C. § 3538 (2000) ("Section 129") requires Commerce to liquidate Corus's

entries with antidumping duties in place.  Corus argues that Commerce contradicted the

Government in a statement it made, which is not part of the record of this proceeding.  Corus

quotes Commerce as saying:  "that provision [Section 129] does not speak to the effect of a

revocation [of an antidumping duty order made] pursuant to Section 129 on prior unliquidated

entries . . . ."  (Mem. of P. & A. in Supp. of Corus Staal BV's Mot. for Rehearing and for Summ.

J. 2 ("Corus's Mem.") (quoting <u>Certain Hot-Rolled Carbon Steel Flat Products from the</u>

<u>Netherlands; Final Results of Antidumping Duty Administrative Review</u>, 72 Fed. Reg. 28,676,

---

[1]The antidumping duty order covering Corus's merchandise was revoked on April 23, 2007, after the merchandise at issue in this case was entered.  <u>See</u> <u>Implementation of the Findings of the WTO Panel in US-Zeroing (EC)</u>, 72 Fed. Reg. 25,261, 25,261 (Dep't Commerce May 4, 2007).

[2]Corus brought the action pursuant to this Court's residual jurisdictional provision, 28 U.S.C. § 1581(i) (2000).  This Court held that, because another jurisdictional provision, 28 U.S.C. § 1581(c), would have been available had Corus followed administrative prerequisites, this Court lacked jurisdiction pursuant to section 1581(i).  <u>Corus Staal</u>, Slip Op. 07-90 at 16.

Issues & Decision Mem. at 14 (Dep't Commerce May 15, 2007) ("2004-05 Issues & Decision

Mem.")) (first bracket in original, second bracket added).)

First, this Court expresses its disappointment that Corus did not quote Commerce's

complete sentence, rather than selectively excerpt from it.  The complete sentence reads:

> That provision [Section 129] does not speak to the effect of a revocation [of an
> antidumping duty order made] pursuant to Section 129 on prior unliquidated
> entries; <u>however, the [Statement of Administrative Action] makes clear that such
> entries remain subject to potential duty liability</u>.

2004-05 Issues & Decision Mem. 14 (emphasis added).  When read in its entirety, Commerce's

statement does not conflict with the position that the Government took before this Court.  The

Government consistently argued that Section 129 does not relieve Corus of antidumping duty

liability, which is consistent with Commerce's statement.

Second, and more importantly, Corus's argument has no bearing on this Court's holding

in <u>Corus Staal</u>.  This Court dismissed Corus's action for lack of jurisdiction.  Corus's argument

regarding the significance of Commerce's statement goes to the merits of the action, <u>not</u> to

whether this Court possesses jurisdiction to decide the merits of the action.  Because Corus's

argument regarding Commerce's statement does not undermine–or even address–the holding of

the case, Corus has not presented grounds upon which to grant the motion for rehearing.  <u>See

Ugine & ALZ Belgium</u>, Slip Op. 05-113 at 8-9 (internal quotation and citation omitted) (motion

for rehearing used to "direct the Court's attention to some material matter of law or fact which it

has overlooked in deciding a case, and which, had it been given consideration, would probably

have brought about a different result").

Finally, the additional arguments that Corus does present regarding jurisdiction merely

rehash the arguments made during the underlying action.  (<u>See</u> Corus's Mem. 18-23.)  Further,

Corus does not point to any manifest error in fact or law committed by this Court in rejecting

these arguments in the original proceeding.  While it is apparent that Corus disagrees with this

Court's interpretation regarding the scope of section 1581(i) jurisdiction, "[a] motion for

reconsideration will not be granted merely to give a losing party another chance to re-litigate the

case or present arguments it previously raised."  <u>Am. Nat'l Fire Ins. Co.</u>, Slip Op. 06-136 at 2.

    Because these claims set forth no legitimate grounds upon which this Court should

reconsider its decision, it is hereby

    ORDERED that Corus's motion for rehearing is denied. It is further

    ORDERED that Corus's motion for summary judgment is denied.

    SO ORDERED.


                                       ____/s/_Gregory_W._Carman___
                                          Gregory W. Carman

Dated: July 2, 2007
       New York, NY

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                                          Deputy Clerk